James D. HARDRIDGE, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.

Civ. No. 5650.

United States District Court
N. D. Oklahoma.

March 20, 1964.

N. E. McNeill, Jr., Tulsa, Okl., for plaintiff.

John M. Imel, U. S. Dist. Atty., Tulsa, Okl., for defendant.

DAUGHERTY, District Judge.

This is an action by the plaintiff, James B. Hardridge, to review a final decision of the defendant Secretary denying the plaintiff's application for a period of disability and disability benefits as authorized by the Social Security Act, as amended, 42 U.S.C.A. §§ 416(i) (1), 423. This court has jurisdiction of the action pursuant to § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g).

■ This action was filed May 17, 1963, after the Appeals Council denied plaintiff's request for review of the Hearing Examiner's adverse decision which, therefore, became the final decision of the defendant Secretary. The case has been submitted to the Court for determination on the record and briefs filed by both sides in support of their respective contentions.

The only issue before the Court is whether there is substantial evidence in the record to support the decision of the Secretary.

The record reveals no conflicting medical evidence on the fact that the plaintiff has medically determinable physical impairments which can be expected to be long-continued and of indefinite duration. The plaintiff suffers from osteoarthritis; a ruptured disc; hypertension; and diabetes. The disability opinion of the doctors ranges from ten percent to thirty-five percent with a recommendation that the plaintiff engage in only sedentary activity. Thus the question is whether or not the impairments will prevent the plaintiff from engaging in any substantial gainful activity. The Hearing Examiner said no. The Court cannot find substantial evidence to support this conclusion and the burden of proof placed upon the plaintiff by the Hearing Examiner was too great under the law.

The definition of substantial gainful activity is as follows:

" 'The activity in which a disabled claimant can be found to be able to engage must be both substantial and gainful and within his capacity and capability, realistically judged by his education, training and experience.'
* * *

" 'Such a determination requires resolution of two issues—what can applicant do, and what employment opportunities are there for a man who can do only what applicant can do? Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available.' * * *

"The emphasis is directed not to the average man but to the particular claimant's capabilities." Celebrezze v. Bolas, 8 Cir., 316 F.2d 498; Farley v. Celebrezze, 3 Cir., 315 F.2d 704.

■■ Taking into consideration the above definition, the burden of proof of the respective parties is as follows:

"The plaintiff is not obligated under the Social Security Act to introduce evidence which negates every imaginable job open to a man with his impairment and age and lack of experience and education. It is quite enough if he offers evidence of what he has done in the past, of his inability to perform that type of work in the future, and his lack of particular experience for any other type of work. See Park v. Celebrezze, (W.D.Ark.1963) 214 F.Supp. 153. If there are other kinds of work which are available and for which the plaintiff is suited, it is the defendant's burden to adduce some evidence from which a finding could be made that he can do some type of work. Ellerman v. Flemming, (W. D.Mo.1960) 188 F.Supp. 521; Hodgson v. Celebrezze, (3 Cir., 1963) 312 F.2d 260." Cummings v. Celebrezze, 222 F.Supp. 285, 291 (W.D. Ark.)

■■ The Court finds that the plaintiff has met his burden of proof. Therefore, "it is the defendant's burden to adduce some evidence from which a finding can be made that he can do some type of work; actually, not apparently." Jarvis v. Ribicoff, 6 Cir., 312 F.2d 707, 710.

The defendant Secretary has failed to meet this burden.

The case is remanded with directions that the defendant Secretary is to be given an opportunity to meet his burden of proof. Failure to do so will result in the plaintiff being granted disability benefits in accordance with his application.