**James D. HARDRIDGE, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 5650.**

United States District Court
N. D. Oklahoma.

Aug. 25, 1965.

Pat Malloy and N. E. McNeill, Jr., Tulsa, Okl., for plaintiff.

John M. Imel, U. S. Atty., Tulsa, Okl., for defendant.

DAUGHERTY, District Judge.

This is an action under Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare, denying the plaintiff's claim for a period of disability and for monthly disability insurance benefits. This cause was previously before the Court and was remanded to the defendant Secretary, 229 F.Supp. 74. The Court in its remand order found that there was no conflicting medical evidence on the fact that the plaintiff had "medical determinable physical impairments which can be expected to be long-continued and of indefinite duration." The cause was remanded in order that the Secretary could have an opportunity to "adduce some evidence from which a finding can be made that he can do some type of work; actually, not apparently."

On remand, the cause was returned to a hearing examiner and a further hearing was held. The hearing examiner then rendered his recommended decision that the claimant was not entitled to the benefits for which he had applied.

The Appeals Council issued its decision on November 30, 1964, wherein it approved the recommended decision of the hearing examiner and made it the decision of the Appeals Council. This decision of the Appeals Council became the final decision of the Secretary and the cause is now before this Court for final judicial review.

■ In order for the plaintiff to prevail in a case of this nature it is required by statute that he must establish three elements. The first is that there must be a "medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration." The second is that there must be an "inability to engage in any substantial gainful activity." And thirdly, the inability must be "by reason of" the impairment. Section 416(i) (1), Title 42 U.S.C., and Meola v. Ribicoff, D.C., 207 F.Supp. 658.

■ This Court has previously determined by a review of the medical evidence that the plaintiff is suffering from a medically determinable physical impairment which can be expected to result in death or to be of a long-continued and indefinite duration. It is generally understood that once a plaintiff has proved the existence of the requisite impairment and has further shown that he is unable to continue with his previous employment or to engage in any other kind of employment in which he may have engaged in the past, as the plaintiff has done here, he has made his prima facie case. Jarvis v. Ribicoff, 6 Cir., 312 F.2d 707. Once he has made his prima facie case, if the Secretary believes that there are other kinds of work available which the plaintiff can do, the burden is the Secretary's to adduce some evidence from which a finding can be made that he can do some type of work; actually, not apparently. Ellerman v. Flemming, D.C., 188 F.Supp. 521, Erickson v. Ribicoff, 6 Cir., 305 F.2d 638.

Furthermore, the Secretary must show that actual employment opportunities are available to the plaintiff in types of work which the Secretary finds him capable of performing. Erickson v. Ribicoff, supra. Both of these burdens of proof are upon the Secretary. In this case the Secretary has succeeded in introducing evidence of the work opportunities which are available and which can be performed by the plaintiff.

Expert testimony by a vocational witness was introduced. The witness, Mr. C. L. Dalke, testified as to job possibilities which, based on the physical abilities and limitations of the plaintiff, were available to the plaintiff. There is testimony in the record that the plaintiff could perform light duties in agricultural work, in hotel and restaurant work, in work as a janitor and elevator operator, and a watchman, all requiring skills well within the claimant's background of experience, and most of which would require only sedentary, semi-sedentary, and light work capacity. The witness testified that these jobs were available in the economy

in Tulsa and the State of Oklahoma where the plaintiff resides.

Therefore, the Court finds that the defendant has carried the burden by presenting evidence that the plaintiff is able to perform some kind of substantial gainful activity. There is substantial evidence to support the decision of the Secretary. The decision of the Secretary is affirmed and summary judgment is granted in favor of the defendant dismissing this action.