## Frank A. BUJNOVSKY
### v.
### Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, United States of America, Appellant.

### No. 14843.

United States Court of Appeals Third Circuit.

Argued Oct. 23, 1964.

Decided April 7, 1965.

Frederick B. Abramson, Dept. of Justice, Washington, D. C. (John W. Douglas, Asst. Atty. Gen., Drew J. T. O'Keefe, U. S. Atty., Sherman L. Cohn, Department of Justice, Washington, D. C., on the brief), for appellant.

Harry W. Lightstone, Pottsville, Pa., for appellee.

Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

KALODNER, Circuit Judge.

Plaintiff commenced this action pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain review of the final decision of the Secretary of Health, Education and Welfare, which denied his application for the establishment of a period of disability and for disability insurance benefits under §§ 216(i) and 223 of the Act, as amended, 42 U.S.C. § 416(i) and 423.

The plaintiff's application for statutory benefits was filed on March 7, 1961, and claimed inability from September 7, 1960, to engage in any substantial gainful activity on account of anthracosilicosis. This application was denied on June 5, 1961. A request for reconsideration was filed by plaintiff on August 22, 1961. On October 4, 1961, the request for reconsideration was acted upon by letter advising plaintiff that the denial of his application remained unchanged. This letter acknowledged that although plaintiff was prevented by his condition from performing work which required strenuous physical exertion, there was no evidence that he was not able to perform light physical activity. Thereafter, plaintiff requested and was granted a hearing. At this hearing, evidence of plaintiff's physical condition was adduced and plaintiff testified to his inability to find light work. The Hearing Examiner denied the claim on the ground that plaintiff had not sustained his burden under Section 223. Further review was denied by the Appeals Council of the Bureau of Hearings and Appeals, making the Hearing Examiner's decision the final order of the Secretary of Health, Education and Welfare.

Plaintiff then prosecuted this action. The district court granted his motion for summary judgment, remanding the cause for the determination of the period of disability and benefits to which plaintiff was thus entitled. 223 F.Supp. 473, E.D.Pa.1963. In so doing, the district court concluded that while the record supported the administrative findings as to the extent of the plaintiff's disability,

there was absent any attempt by the Secretary to show that light work of a specific nature was available to the plaintiff. The district court purported to follow our decisions in Hodgson v. Celebrezze, 312 F.2d 260 (1963), and Stancavage v. Celebrezze, 323 F.2d 373 (1963). The Secretary has appealed from the district court's order.

On this appeal, the Secretary contends that the record supports the Hearing Examiner's finding that the plaintiff failed in his burden, under the statute, to show his inability to engage in a "substantial gainful activity". He urges that this case is precisely like Dupkunis v. Celebrezze, 323 F.2d 380 (3d Cir. 1963). He contends, alternatively, that the cause should be remanded to the Secretary for a determination as to the occupational opportunities reasonably available to plaintiff, if any. In this latter respect, picking on the particular phraseology of the district court's opinion, he contends that he is not required to show the existence of a specific job in the area in which plaintiff resides which plaintiff could perform.

The plaintiff contends that it is uncontroverted that he was impaired by reason of early second stage anthracosilicosis, with moderate emphysema; that he showed that he could not perform his former duties; that he could not obtain light work which he could do; and, that under our decision in Stancavage v. Celebrezze, supra, the district court reached the proper result, there being no basis upon which to remand for further administrative proceedings except for determination of benefits under the Act.

We have only recently had occasion to reiterate the legal principles here pertinent. In Janek v. Celebrezze, 336 F.2d 828, (1964), we said at page 833:

"This court has held, however, that the test for disability consists of two parts: (1) a determination of the extent of the applicant's physical or mental impairment, and (2) a determination whether that impairment results in an inability to engage in any substantial gainful activity. Stancavage v. Celebrezze, 323 F.2d 373 (3 Cir. 1963); Farley v. Celebrezze, 315 F.2d 704 (3 Cir. 1963); Hodgson v. Celebrezze, 312 F.2d 260 (3 Cir. 1963); Klimaszewski v. Flemming, 176 F.Supp. 927, 931 (E.D.Pa.1959). Thus in the case of an employee who can no longer perform the work he used to do but is not totally disabled the question is what can he do by way of any gainful employment. Kerner v. Flemming, 283 F.2d 916 (2 Cir. 1960). The words 'any substantial gainful activity' must be read in the light of what is reasonably possible and not what is conceivable. Hodgson v. Celebrezze, supra. Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available. Roberson v. Ribicoff, 299 F.2d 761, 763 (6 Cir. 1962).

"In determining what kind of substantial gainful activity Janek can engage in, not only his physical disability must be considered but also such other meaningful factors as his age, education, training and work experience must be taken into account. Hodgson v. Celebrezze, supra. See also 20 C.F.R. § 404.1502 (b), as amended (1962). Thus the determination must be made from all of the facts of the case."

The plaintiff was 45 years of age at the time of filing his application for benefits. He had a ninth grade education. For approximately 25 years prior to July, 1959, he had worked in and about the anthracite collieries, the last 2½ years as a machinist, and the preceding 16 or 17 years as a welder. In July, 1959, he suffered what appeared to be a heart attack, as a result of which he was hospitalized, and rendered inactive for about seven months. Thereafter, with his physician's permission, he sought light work. He testified that he was refused light work at the colliery, although he thought there was light work he might do. He testified that he sought light work at a toy factory, but was refused

because the man who did the hiring said, "we'd take a chance on giving you a job". He testified he sought work from the manager of a food chain store, "even putting cans on a shelf", but the manager, in turning him down said, "who's going to carry the cases for you, there's hard work to that"?

The plaintiff also testified that he had another apparent heart attack in October of 1960. After stopping work, he remained at home, tended to his personal needs, did small chores and took short walks. His chief complaints were shortness of breath, coughing spells, weakness and pain in the arms, chest pains, and a general tired feeling. His personal physician was of the opinion that he was totally disabled.[1]

The medical evidence clearly establishes the existence of second stage anthracosilicosis with moderate emphysema. It also supports the conclusion of the Hearing Examiner as to the absence of clinical evidence of coronary artery disease.

We have no difficulty in concluding, as did the district court, that the extent of plaintiff's impairment has been established. The difficulty arises from the second part of the test for disability as stated above. While the Hearing Examiner found that the plaintiff had not satisfied the burden upon him under § 223, we agree with the district court that the plaintiff has adduced sufficient evidence to put the burden upon the Secretary to show that a reasonable employment opportunity is available to him. See Janek v. Celebrezze, supra; Stancavage v. Celebrezze, supra; Hodgson v. Celebrezze, 312 F.2d 260 (3d Cir. 1963).

The Secretary, however, made no findings as to reasonable employment opportunities. In this respect, the instant case differs from Farley v. Celebrezze, 315 F.2d 704, (3d Cir. 1963) and Stancavage v. Celebrezze, supra. In both cases we found that the administrative determination as to the availability of substantial gainful employment was not based upon the "reasonably possible", and in both cases we concluded that judgment should be entered because the record, as relied on by the Secretary, contained the best available proof, but did not exhibit such reasonable possibility.

Since each case should be dealt with on its own footing, Farley v. Celebrezze, 315 F.2d, at 706, we hesitate to agree with the district court here that at this juncture the plaintiff should have summary judgment.

Assuming plaintiff, as he conceded, might perform light work, it may be seriously questioned whether there was such light work reasonably available to him as would amount to activity both substantial and gainful in view of his physical disability, and such other meaningful factors as his age, education, training, work experience and labor market. However, as we said in Janek v. Celebrezze, 336 F.2d at 834:

"It would seem that at best Janek must find work somewhat light in nature. The practical availability of such work for him, a man subject to 'a language barrier' and suffering from a substantial physical disability, must be decided by the Secretary in the light of what we have said in this opinion and in Hodgson v. Celebrezze, supra, in particular at 263–264 of 312 F.2d. We are of the opinion that the Secretary's conclusion does not find adequate support in the present record. The Secretary erred in failing either to find for Janek in accordance with the evidence indicating his inability to find work, or to show an adequate basis for concluding that Janek could have obtained light work by the exercise of reasonable diligence on his part."

---

1. This conclusion must be discounted to some degree because it relates to a diagnosis of the claimant's impairment—anthracosilicosis and coronary artery disease—greater in severity than found by the Secretary, whose finding in this regard is supported by the record. As to its relevance, however, see Stancavage v. Celebrezze, supra.

We are of the opinion that on the record in this case, a similar result is indicated.

For the reasons stated the Order of the district court will be affirmed insofar as it granted the plaintiff's motion for summary judgment and "remanded to the Secretary to determine the period of disability", and the cause will be remanded with the direction to the district court to enter a judgment requiring the Secretary to determine whether the plaintiff is able to engage in substantial gainful activity or is entitled to disability insurance benefits in the light of the principles enunciated in this opinion and in Hodgson v. Celebrezze, supra. Upon the return of the case to the Secretary by the district court, the parties may be given an opportunity to amplify the record by further evidence should this be deemed desirable.