Settle order on two (2) days notice.

Leo F. McKAY, Plaintiff,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 64–1322.

United States District Court
W. D. Pennsylvania.
Sept. 24, 1965.

Samuel J. Goldstein, Pittsburgh, Pa., for plaintiff.

Gustave Diamond, U. S. Atty., Pittsburgh, Pa., for defendant.

WEBER, District Judge.

This is an appeal for review of the final decision of the Secretary of Health, Education and Welfare denying plaintiff's application for the establishment of a disability freeze and for monthly disability benefits under §§ 216(i) and 223 of the Social Security Act, 42 U.S.C.A. 416 (i), and 423. The Government has moved for summary judgment on the record.

Plaintiff filed, on June 11, 1962, application for a period of disability and for disability insurance benefits, alleging that he became unable to work on November 11, 1961. Plaintiff last worked in May of 1960 as a mechanic on steel mill furnaces and was laid off for lack of work. He later received severance pay. For two years he drew Pennsylvania Unemployment Insurance benefits. In his initial application plaintiff attributed his condition to sinus trouble, but it appeared during the proceedings that this had been relieved by dental surgery. His initial application was denied because of his failure to produce the necessary medical evidence needed to establish the extent of his disability. Plaintiff requested reconsideration and alleged that at the period for which his application was effective (through September 11, 1962), he was unable to work because he was suf-

fering from high blood pressure, chest pains, and shortness of breath on exertion. Hearings were held before a Hearing Examiner who found that the plaintiff was not under a disability as defined by the statute and the Trial Examiner's decision became final after consideration by the Appeals Council of the Social Security Administration, Department of Health, Education and Welfare.

It is our task upon a review of this record to determine whether the decision of the Administrative Agency is based upon substantial evidence in the record to support its finding that the claimant is not precluded from engaging in any substantial gainful activity. The test of disability requires:

"(1) a determination of the extent of the applicant's physical or mental impairment, and (2) a determination whether that impairment results in an inability to engage in any substantial gainful activity." * * * Janek v. Celebrezze, 336 F.2d 828, at 833 (3rd Cir., 1964).

The medical evidence here is conflicting as to claimant's physical condition as of the eligibility date. Claimant's chief medical witness, Dr. Campana, did not see him until more than nine months after the filing of the application. It appears that he had some partial impairment and was suffering from that impairment at the date required for the establishment of the disability here. (Tr. pp. 33, 34). The medical evidence establishes the existence of severe hypertension dating back to 1958. There is considerable uncertainty as to the severity of this disability in 1962, the eligibility date. The medical evidence, however, also establishes that the effects of this hypertension are subject to some control by diet, medication, and active therapy, and that claimant's condition actually improved under subsequent treatment.

The problem here was stated in Kerner v. Flemming, 283 F.2d 916, at page 919 (2nd Cir., 1960):

"The evidence left no doubt that plaintiff met the requirement of a 'medically determinable physical or mental impairment which can be expected * * * to be of long-continued and indefinite duration.' What was doubtful was whether this had caused another 'inability to engage in any substantial gainful activity.' "

In support of the finding as to the second question involved the Hearing Examiner relied upon the testimony of a professional vocational expert to testify regarding the type of jobs which plaintiff is capable of performing with regard to his age, physical impairment and background. The vocational expert testified that plaintiff, with due consideration to the medical evidence that has been produced in this case, is capable of performing several types of jobs which exist in the area of his residence. (Tr. 164). The expert further testified that many persons suffering from the same class of impairment and of the same age and background have been successfully placed in that area. While the expert admitted on cross-examination that the finding of such employment might be difficult in the area of plaintiff's residence, by reason of persistent unemployment and other adverse local economical conditions, this is not the test of eligibility. § 404.1502(b) of Regulations No. 4, to the Social Security Act (20 C.F.R. § 404.1502(b)), provides:

" * * * Where, for instance, an individual remains unemployed for a reason or reasons not due to his physical or mental impairment but because of the hiring practices of certain employers, technological changes in the industry in which he has worked, or local or cyclical economic conditions, such individual may not be considered under a disability as defined in § 404.1501(a) and (b) (1)."

Under the rule established in this Circuit by Bujnovsky v. Celebrezze, 343 F.2d 868 (3rd Cir., 1965); Stancavage v. Celebrezze, 323 F.2d 373 (3rd Cir., 1963), and Hodgson v. Celebrezze, 312 F. 2d 260 (3rd Cir., 1963), it has been held

that the plaintiff had adduced sufficient evidence to put the burden upon the administrative agency to show that a reasonable employment opportunity is available to claimant once the claimant has established that he has a physical impairment which prevents him from following his former occupation. In those cases it was held that the administrative agency had failed to make findings based on substantial evidence that substantial gainful employment was reasonably possible for claimant to secure. The evidence of employment opportunity was rejected as showing only theoretical possibilities of employment. We feel that the instant case differs from these cases by the definite testimony of the vocational expert witness that he has placed persons of claimant's age, physical condition, education, and skill in one of the categories of jobs which claimant can perform and which is available in the area of claimant's residence. (Tr. pp. 167 thru 171).

The statute provides:
" * * * The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *." 42 U.S.C.A. 405 (g).

While in Hodgson v. Celebrezze, (cit. supra) the Court held, (p. 264):

"Neither the bare suggestion in a medical report that the claimant might be able to operate an elevator nor the less specific allusions in the reports to 'a sedentary job', 'some standing job' and 'one in which walking is at a minimum' constitute such evidence."

nevertheless, the evidence in this record raises to a higher degree of proof. In accordance with an established administrative procedure, the Social Security Administration selects from a list of qualified vocational experts a witness who examines all of the evidence with regard to claimant's age, education, training, experience and physical condition, and then testifies as to the existence of jobs which the claimant is able to perform in the area in which he resides. The expert in this case testified to more than theoretical or statistical oportunities, he testified to the actual placement of persons of similar age, experience, and physical limitations in employment in claimant's area of residence.

This is evidence, it is substantive evidence, and in our view it is substantial evidence to support the administrative finding.

The courts have been critical of the reliance by the Secretary upon documentary material introduced into the evidence showing the existence of jobs requiring light industrial skills and minimal physical exertion. See Seldomridge v. Celebrezze, 238 F.Supp. 610 (E.D.Pa., 1964); and Sosna v. Celebrezze, 234 F.Supp. 289 (E.D.Pa., 1964). The Court in Seldomridge (supra) found that these documentary studies (Dictionary of Occupational Titles; U. S. Census of Populations, 1960 Detailed Characteristics of Pennsylvania) do not provide substantial evidence to show that there exists reasonable opportunity for claimant to engage in substantial gainful employment. 238 F.Supp. at p. 620.

However, we have seen no case where the testimony of a witness, expert in vocational guidance, and actually employed by a vocational placement agency in claimant's area of residence, has been so rejected.

■■ It is not the court's function to try this case *de novo*, and reach its own conclusions from the evidence. Congress has specifically delegated this responsibility to an administrative agency which can supply its expertise to the determination of these matters. Where there is substantial evidence to support the administrative determinations, we cannot set them aside, even though we might reach a different result in approaching the matter *de novo*. Kraynak v. Flemming, 283 F.2d 302 (3rd Cir., 1960).

We will, therefore, grant Defendant's Motion for Summary Judgment and affirm the decision of the Secretary.