**Alvin CHESONIS, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, United States of America, Defendant.**

**Nos. 33762, 37234.**

United States District Court
E. D. Pennsylvania.

Dec. 13, 1965.

---

W. J. Krencewicz, Shenandoah, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., Joseph R. Ritchie, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendant.

WOOD, District Judge.

Plaintiff seeks review of the final decision of the Secretary of Health, Education and Welfare denying his application for the establishment of disability period under § 216(i) of the Social Security Act, 42 U.S.C.A. § 416(i), and for monthly disability benefits under § 223 of the Act, 42 U.S.C.A. § 423. Both plaintiff and defendant have moved for summary judgment.

Claimant filed an application for a period of disability and for benefits on April 18, 1962, alleging disability from November 10, 1959. A hearing examiner after the original application was denied heard the case de novo and denied the application on the ground that the claimant could perform 221 jobs which were either sedentary in character or required light exertion only. We remanded the case to the Secretary to determine whether the plaintiff is able to engage in substantial gainful activity after considering evidence which conforms to the standards set in Stancavage v. Celebrezze, 323 F.2d 373 (3rd Cir. 1963).

On October 9, 1964, the hearing examiner found that the claimant had not sustained his burden of proof that his physical impairments were of such severity as to prevent him from engaging in all types of work on or before June 30, 1962, when he last had the requisite insured status for the establishment of a period of disability and disability insurance benefits. The hearing examiner's recommended decision was approved and made the decision of the Appeals counsel.

■ The test for disability consists of two parts: (1) a determination of the extent of the applicant's physical or mental impairment, and (2) a determination whether that impairment results in an inability to engage in any substantial gainful activity. Bujnovsky v. Celebrezze, 3 Cir., 343 F.2d 868 (1965). The question for us to decide is whether substantial evidence on the whole record supports the findings of the Secretary. 42 U.S.C.A. § 405(g).

From the record it appears that at the end of the disability period, plaintiff was a slightly obese war veteran of 38 years of age. He left high school while in the second year. While in military service he served as a pharmacist's mate and after discharge he attended a G.I. school taking a course in body and fender repair. After this training, he worked at various jobs including operating a scratch remover for an automobile company, operating an automatic machine in the manufacture of hot water heaters and as a laborer for a coal company. From 1952 to mid 1957 he was employed by the Purolator Company, mostly in the inspection department. Since he was laid

off on February 27, 1958, he has sought no other employment.

The examiner has exhaustively considered the medical evidence and has determined the various impairments to which plaintiff was subjected to at the end of the disability period. There is substantial evidence on the record to support his conclusions as to the disabilities which plaintiff had and as to those which he did not have but claimed he did.

Granted the presence of impairments which will be of indefinite duration, the examiner then had to determine whether plaintiff was capable of performing substantial gainful employment. Pursuant to our directions on remand, the examiner invited to the hearing a professional vocational expert to testify regarding the type of jobs which plaintiff at the time of the end of the disability period was capable of performing with regard to his age, physical impairments and previous experience.

The vocational expert testified that the claimant with due consideration of the previous record and the facts brought at the second hearing and the man's previous background and other relevant data, was capable of performing several types of jobs which existed in the nearby area of his residence.

Mr. Freidman stated that the claimant was capable of performing work in various fields of inspection, in line with his last held position. In addition he could work as a cashier and clerk in a small cigar or newspaper area such as is found in a Sun Ray Store. Another position which could be handled by plaintiff according to the expert was simple machine tending. Other positions he listed which were appropriate for claimant were those of simple bench assembler, crib tool man, desk clerk in a small hotel, cashier in a diner, ticket seller in a theatre, collator of paper in a bindery and elevator operator. From his previous experience, the claimant was also considered to be fit for such jobs as hospital attendant or orderly. He testified that opportunities for these jobs existed within a 75 mile radius of the geographic area in which claimant lives.

We conclude that the Secretary's findings are supported by substantial evidence on the record. The type of evidence considered was that which is apparently required by a strong line of decisions of the Third Circuit Court of Appeals. Bujnovsky v. Celebrezze, 343 F.2d 868 (3rd Cir. 1965). Attention was concentrated on the Alvin Chesonis here, with his education and background, his abilities, and his impairments as required by the case. See Farley v. Celebrezze, 315 F.2d 704 (3rd Cir. 1963). See McKay v. Gardner, 245 F.Supp. 739 (W.D. Pa.1965), and Hardridge v. Celebrezze, 245 F.Supp. 7 (N.D.Okla.1965), where similar vocational expert testimony was accepted.

Claimant's main reliance is on the testimony of his doctor who testified that plaintiff was totally and permanently disabled and not able to engage in any gainful employment. First, his conclusions must be discounted to some degree because they are correlated to a view of the medical evidence that finds claimant's impairments to be more severe than that accepted by the examiner. Secondly, the doctor was not an expert in the field of vocational guidance, and while perhaps able to make a very able diagnosis of claimant's condition, he was not familiar with employment opportunities. Thirdly, the question was one ultimately for the determination of the Secretary and his finding must be affirmed if supported by substantial evidence on the record. He can choose within his discretion which evidence to give weight to and the amount of weight it is due.

Next, claimant attacks the value of the vocational expert's testimony on the grounds first that he was not an expert and knew nothing of medical terms, and secondly, that Mr. Freidman neither examined nor even saw the claimant. Mr. Freidman's qualifications and experience appear in exhibit 49 and also on the record of the hearing. He is presently employed by the United Cerebral Palsy Association of Philadelphia where he is

responsible for interviewing, counselling and placement of individuals with whom he comes in contact. In addition he has served as consultant to local and state bureaus of vocational rehabilitation. He earlier held positions at the University of Buffalo School of Medicine for 7½ years where he worked both as a planner for future programs and as a consultant.

Assuming he had no exact knowledge of medical terms, he had no need of such. His only duty was to ascertain from the testimony and findings of a medical doctor the functions of the body which were impaired. We ascribe little weight to the fact that Mr. Freidman had not seen or examined the claimant since this would have hardly helped him to make his determination in this case.

In summary, we find substantial evidence for the conclusion that plaintiff could engage in substantial gainful activity at the termination of his insured status.

### ORDER

And now, this 13th day of December, 1965, it is ordered that the defendant's motion for summary judgment is granted and the plaintiff's motion for summary judgment is denied.