Walter J. BUGDNEWICZ

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, United States of America.

No. 37114.

United States District Court
E. D. Pennsylvania.

Jan. 13, 1966.

W. J. Krencewicz, Shenandoah, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

JOSEPH S. LORD, III, District Judge.

A hearing examiner in the Social Security Administration has found a claimant not to be disabled within the meaning of Section 216(i) of the Social Security Act, 42 U.S.C.A. § 416(i), and has denied him disability insurance benefits under Section 223 of the Act, 42 U.S.C.A. § 423. The Administration's Appeals Council has denied a request for review, and the

claimant has brought this action for judicial review under Section 205(g), 42 U.S.C.A. § 405(g). It is now before me on cross-motions for summary judgment.

The claimant, Bugdnewicz, was born in 1917. He has a ninth-grade education. He lives in a small Pennsylvania mining town, appropriately named Shaft.[1] All of his work experience has been spent in coal mines, where until 1962 he was a slate picker. His work required him to stand at a slate picking table, over which lump coal was processed. He stood at the shaker table with other men and pushed lumps of rock off the table. The job involved standing in a dusty atmosphere seven hours a day, five days a week, for many years, as a result of which it is undisputed that he contracted and is suffering from anthracosilicosis or "miner's asthma," as it is sometimes called.

■ To rehearse the medical testimony in detail in this review proceeding would be a sterile exercise. The examining physicians disagree on the stage of anthracosilicosis present, the existence of emphysema, the impairment of breathing capacity, and other matters. The scope of this review is confined to a determination of whether the finding of the Secretary that the claimant is not disabled is supported by substantial evidence.[2] Suffice it to say that, taking the evidence on the whole record, there is certainly much support for the hearing examiner's finding that an "impairment" due to anthracosilicosis "exists in some degree" and that the claimant is unable to engage in, in the words of one physician, "unusually severe or competitive efforts." Similarly, there is no doubt that the nature and cause of the claimant's ailment render him unfit to work at his previous job. But the examiner has also found: that the claimant's anthracosilicosis "had not reached a level of severity as to prevent the claimant from engaging in any substantial gainful activity;" that "the claimant, within the effective period of such application, was capable of performing work in light or sedentary occupations;" and that "there are many fields of work, light or sedentary in character, needing no special training, no special dexterity and no special skills, which exist in the Commonwealth of Pennsylvania and which can be performed by the claimant herein."

■ The examiner was certainly free to rely on some evidence and to disregard other evidence. His province was to find the facts, and there is ample medical evidence to support his finding that Bugdnewicz was not so severely handicapped that he could not perform work which did not require strenuous exertion. At that point, however, it became incumbent upon the Secretary to adduce proof that the claimant was able to engage in "substantial gainful activity" within the meaning of Section 216 of the Act, 42 U.S.C.A. § 416. Having established the degree of the impairment, the issue became the availability of "a genuine employment opportunity" for the claimant.[3]

■■ " 'The test for disability consists principally of two parts: (1) a determination of the extent of the physical or mental impairment and (2) a determination whether that impairment results in an inability to engage in any substantial gainful activity.' "[4] The Court of Appeals for this Circuit has many times held that once the claimant shows a permanent but not totally incapacitating handicap, he "has adduced sufficient evidence to put the burden upon the Secretary to show that a reasonable employment opportunity is avail-

---

1. Population 850 in 1962. It is located in Schuylkill County.

2. 42 U.S.C.A. § 405(g); Livingstone v. Folsom, 234 F.2d 75, 77 (C.A. 3, 1956).

3. Stancavage v. Celebrezze, 323 F.2d 373, 378 (C.A. 3, 1963).

4. Hodgson v. Celebrezze, 312 F.2d 260, 263 (C.A. 3, 1963), quoting Klimaszewski v. Flemming, 176 F.Supp. 927, 931 (E.D. Pa.1959).

able to him." [5] The claimant "must at least demonstrate that he is unable to do his former work," [6] but here he has met that burden.[7] Accordingly, to sustain the denial of benefits there must be substantial evidence from which a finding could be made that there were employment opportunities reasonably available to the claimant.[8]

■ The possibility of work must be "a realistic one." [9] The judgment exercised by the hearing examiner must be individualized, tailored to the claimant's abilities and impairments. It involves determining what the claimant can do and then ascertaining whether there are jobs available for a man with such capacities.[10]

In this case, the hearing examiner, relying on expert opinion, found that there were light, sedentary and unskilled jobs which the claimant could perform. A vocational specialist who testified at the hearing suggested that if it were found that claimant were capable of light or sedentary work, he could be a bag cutter in the leather manufacturing industry, a contact plate assembler in the electrical equipment industry, or a flashlight assembler. These job descriptions were obtained from the Dictionary of Occupational Titles. The witness also testified, and the examiner found, that these occupations "could be found in various industrial areas in the State of Pennsylvania."

It was therefore the examiner's conclusion that Bugdnewicz could engage in substantial gainful activity, and it was on this ground that the claim was denied.

It is thus readily apparent that the hearing examiner has determined what the claimant can do, but it is also apparent that he has not adequately determined, from substantial evidence, that gainful employment was available to the claimant. The examiner has listed several occupational possibilities, based on evidence that claimant would be able to perform them and that they are to be found in Pennsylvania. So far as can be discerned, that is more than the Secretary has undertaken to demonstrate in most previous cases, but it is not enough. There is no evidence to show that any of these jobs was available to the claimant.

■■ What the Secretary, in effect, asks the court to accept is the finding that since the three or four jobs the examiner found the claimant capable of exist within the state, they are reasonably available to him. The statute and the decisions, however, require something far more concrete. There must be an "adequate basis for concluding that [Bugdnewicz] could have obtained light work by the exercise of reasonable diligence on his part." [11] If the Secretary chooses to rely on an inference of availability, he must at least prove that the

5. Bujnovsky v. Celebrezze, 343 F.2d 868, 871 (C.A. 3, 1965). Accord, Janek v. Celebrezze, 336 F.2d 828 (C.A. 3, 1964); Stancavage v. Celebrezze, supra note 3; Hodgson v. Celebrezze, supra note 4.

6. Dupkunis v. Celebrezze, 323 F.2d 380, 382 (C.A. 3, 1963); Karas v. Celebrezze, 223 F.Supp. 185, 188 (E.D.Pa.1963).

7. "It is quite enough if he offers evidence of what he has done in the past, of his inability to perform that type of work in the future, and his lack of particular experience for any other type of work." Cummins v. Celebrezze, 222 F.Supp. 285, 291 (W.D.Ark.1963). Bugdnewicz has done just that. See also Haley v. Celebrezze, 351 F.2d 516, 519 (C.A. 10, 1965); Torres v. Celebrezze, 349 F.2d 342, 345 (C.A. 1, 1965); Powell v. Celebrezze, 230 F.Supp. 142, 149 (W.D.

Ark.1964); Hall v. Celebrezze, 217 F. Supp. 905, 907 (M.D.N.D.1963).

8. Bujnovsky v. Celebrezze, supra note 5, 343 F.2d at 871; Torres v. Celebrezze, supra note 7, 349 F.2d at 345.

9. Hodgson v. Celebrezze, supra note 4, 312 F.2d at 263.

10. Janek v. Celebrezze, supra note 5; Stancavage v. Celebrezze, supra note 3; Hodgson v. Celebrezze, supra note 4; Kerner v. Flemming, 283 F.2d 916 (C.A. 2, 1960). "It is of no value to a claimant to be physically able to perform jobs which his age, education and experience prevent him from obtaining." Torres v. Celebrezze, supra note 7, 349 F.2d at 344.

11. Janek v. Celebrezze, supra note 5, 336 F.2d at 834.

occupations for which he considers the claimant fit exist in the vicinity or area in which the claimant resides.

■ There is, perhaps, room for different degrees of geographic specificity in the proof of availability of employment opportunities, depending upon the work background of the particular claimant. The wider the range of work the claimant can perform, the less pinpointed the showing of availability may have to be. Thus, my Brother Wood has recently upheld an administrative determination that substantial gainful employment was available to a claimant whose education and experience qualified him for a wide range of jobs which, the evidence showed, were available "within a 75 mile radius of the geographic area in which claimant lives."[12] Where, however, a claimant has a rather restricted capacity, due to some combination of background and impairment, better proof of opportunity availability might be required than in the case of a claimant with a capacity only slightly hindered. This claimant's limited education and work history, when considered with his physical impairment, obviously lower his employment horizons, and if there is work he could do within a reasonable distance from his home, the Secretary is obliged to demonstrate it. As the Court of Appeals has recently reiterated, " 'Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available.' "[13]

■ To say that jobs which the claimant could do exist in Pennsylvania is, in light of the reasonableness standard, to say nothing more significant than that those jobs simply exist, and that kind of showing has repeatedly been rejected as inadequate. Denials of benefits have been set aside where there was only a "bare suggestion in a medical report that the claimant might be able to operate an elevator;"[14] where there were "less specific allusions" to " 'a sedentary job,' 'some standing job,' and 'one in which walking is at a minimum;' "[15] and where there was reference to a list of occupations for which the claimant was thought capable.[16]

■ Here a few very specific jobs have been named. They were, from what appears in the record, selected from the same list that has previously been held insufficient, standing alone. There is no showing as to where in the state they exist or in what numbers. They may, for all the record shows, exist only at the very opposite end of the state from where the claimant lives. A statute which was enacted to alleviate the hardships attendant upon disability[17] and

12. Chesonis v. Celebrezze, 248 F.Supp. 9 (E.D. Pa., 1965).

13. Bujnovsky v. Celebrezze, supra note 5, 343 F.2d at 870.

14. Hodgson v. Celebrezze, supra note 4, 312 F.2d at 264. See also Secoolish v. Celebrezze, 216 F.Supp. 935 (D.N.J. 1963).

15. Hodgson v. Celebrezze, supra note 4, 312 F.2d at 264. Determinations that a claimant could do light work have also been held to be too general in, among others, Bujnovsky v. Celebrezze, supra note 5; Janek v. Celebrezze, supra note 5; Henninger v. Celebrezze, 349 F.2d 808 (C.A. 6, 1965); Stancavage v. Celebrezze, supra note 3; Clemochefsky v. Celebrezze, 222 F.Supp. 73 (M.D.Pa. 1963); Collins v. Celebrezze, 220 F.Supp. 272 (E.D.Ky.1963). Per contra, the Eighth and Ninth Circuits appear to have accepted such a finding as conclusive. Celebrezze v. Sutton, 338 F.2d 417, 421 (C.A. 8, 1964); Celebrezze v. Bolas, 316 F.2d 498, 507 (C.A. 8, 1963); Graham v. Ribicoff, 295 F.2d 391, 394–395 (C.A. 9, 1961).

16. "There must be something more tangible establishing what employment opportunities there are for a man with his impairment." Stancavage v. Celebrezze, supra note 3, 323 F.2d at 378. Accord, Haley v. Celebrezze, supra note 7; Jarvis v. Ribicoff, 312 F.2d 707 (C.A. 6, 1963); Enright v. Celebrezze, 237 F.Supp. 844, 848 (D.Mont.1965); Seldomridge v. Celebrezze, 238 F.Supp. 610, 618–620 (E.D.Pa.1964); Chronister v. Celebrezze, 224 F.Supp. 121, 127 (W.D.Ark.1963).

17. Cf. Butler v. Flemming, 288 F.2d 591, 594–595 (C.A. 5, 1961).

which has consistently been interpreted with an eye to the reasonableness of the burdens to be imposed on claimants does not demand that a claimant move across the state or into a wholly new environment to find work.

The requirement of specificity in geography is not just a formality. It is, of course, common knowledge, of which this court might even be able to take judicial notice, that there are light and sedentary occupations in most areas of most states. But the statute has been construed to require a more specific finding than merely that a claimant can do light work. Since the issue is *what* light work he can do, his employment opportunities in any given area will be limited to less than every type of light work. And in a specialized economic area, which Bugdnewicz's assuredly is, the range of occupations is far more limited than it is generally, thus raising an especially serious factual question whether a claimant from such an area who could otherwise perform several types of light work has a reasonable employment opportunity.[18]

At this point, however, a caveat must be entered. There are horns of a dilemma which must be avoided by the Secretary with equal agility. On the one hand, emphasizing the need for specific proof, this court has said that:

" * * * The rule of this circuit is the rule of realism. It is not enough to suggest that a man might sell candy in a candy store or operate an elevator or become a watchman or perform any one of the almost infinite number of light jobs that can

be conjured up. There must be a realistic showing not only that the plaintiff could do these jobs but also that there existed a reasonable opportunity for the plaintiff to engage in substantial gainful employment. * * * " [19]

On the other hand, the Social Security Administration is not an employment agency, and Sections 216(i) and 223 are not unemployment insurance statutes but disability benefit provisions.[20] The Secretary need not find the claimant a job or even a vacancy. The inquiry, as has recently been decided, is "whether or not claimant is incapable of performing in any positions on a reasonably continuous basis in the economy in or near the area in which he resides." [21] To demonstrate that a job for which the claimant is fit is "available" for the purpose of proving that the claimant was not precluded from engaging in substantial gainful employment, the Secretary must make a *bona fide* showing that a reasonable number of jobs for which the claimant was qualified in view of his capacities and impairments were *extant* in or near his community. Anything less partakes of "conjecture and theory when applied to the facts before us." [22] Anything more flies in the face of the statutory purpose. It bears emphasis that "jobs" in this context does not mean "openings" and that *"extant"* does not mean "vacant." [23]

Judged by these standards, the Secretary's determination in the instant case is impaled on the first horn: there is no evidence, much less substantial evi-

18. "The capabilities of the claimant must be considered in relationship with the industrial complex in which he finds himself." Clemochefsky v. Celebrezze, supra note 15, 222 F.Supp. at 78.

19. Fedor v. Celebrezze, 218 F.Supp. 667, 668 (E.D.Pa.1963).

20. Frith v. Celebrezze, 333 F.2d 557, 561 (C.A. 5, 1964).

21. Jones v. Celebrezze, 246 F.Supp. 701, 702 (D.Kan.1965).

22. Stancavage v. Celebrezze, supra note 3, 323 F.2d at 377.

23. It is for this reason that Celebrezze v. O'Brient, 323 F.2d 989, 992 (C.A. 5, 1963), while perhaps in other respects contrary in approach to that of this Circuit (e. g.: " * * * the Secretary's showing of O'Brient's ability to perform light work of a various nature is all the answer he is required to make to the claimant."), does not decide the question in the case at bar. In O'Brient, the claimant asserted that no work was available in his area, evidently meaning that no jobs were *open*, and the Court of Appeals answered that no jobs need

dence, that occupations for which he was suited existed in or near his community. If the principles of the Third Circuit decisions beginning with Hodgson are to be implemented, such proof must be required of the Secretary, at least where the claimant is not obviously equipped for a wide variety of occupations despite his impairment.[24]

For that reason, the denial of benefits cannot be sustained. But here, unlike the situation in Stancavage v. Celebrezze, it is not to be "presumed that the best available proof on this has been presented," [25] and unlike the situation in Farley v. Celebrezze,[26] it cannot be said definitively that there is no reasonable possibility of employment for the claimant. It would, therefore, be perverse to enter summary judgment at this juncture. Both motions for summary judgment are denied, the decision of the Secretary is reversed, and the cause is remanded to the examiner for a new hearing on the question of "whether the plaintiff is able to engage in substantial gainful activity or is entitled to disability insurance benefits * * *" [27] in conformity with the principles set forth in this opinion.

## ORDER

And now, January 13, 1966 it is ordered as follows:

1. Plaintiff's and defendant's motions for summary judgment are denied.

2. The decision of the Secretary is reversed and the cause is remanded to the examiner for a further hearing in conformity with the principles set forth in this opinion.

be open in his area. Moreover, the claimant in that case had a good education, a substantial work background, and a relatively slight impairment—in other words, a capacity for many jobs. In those circumstances, geographic specificity on employment availability may not be so essential.

24. Compare Chesonis v. Celebrezze, supra note 12, and accompanying text, with Celebrezze v. O'Brient, supra note 23.

25. 323 F.2d 373, 378 (C.A. 3, 1963).

26. 315 F.2d 704 (C.A. 3, 1963).

27. Bujnovsky v. Celebrezze, 343 F.2d 868, 872 (C.A. 3, 1965).