Alfred A. **MANKIEWICZ**

v.

Anthony J. **CELEBREZZE**, Secretary of Health, Education and Welfare, United States of America.

Civ. A. No. 38336.

United States District Court
E. D. Pennsylvania.

July 22, 1966.

W. J. Krencewicz, Shenandoah, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., James C. Lightfoot, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## OPINION

CLARY, Chief Judge.

Plaintiff seeks review of the final decision of the Secretary of Health, Education and Welfare holding that he is not

disabled and entitled to disability insurance under the Social Security Act, 42 U.S.C. §§ 416(i) and 423.

Plaintiff was born in 1916, received an 11th grade education, and resides in Shenandoah Heights, West Mahanoy Township, Schuylkill County, Pennsylvania. Prior to Army service during World War II, plaintiff had worked at various occupations, but generally he has always been a "bootleg" coal miner. By this is meant that plaintiff has worked in coal mines without being a fully qualified miner. In recent years, he worked as a conductor and most recently, as a motorman on an electric train in a mine colliery. Plaintiff last worked around December 1959, at which time the mine in which he was employed shut down.

On January 29, 1964, plaintiff filed an application for disability insurance benefits. He alleged that he became unable to engage in any substantial gainful employment in February 1960 because of miner's asthma, poor vision in the right eye, a crushed index finger of the right hand, and an amputated middle finger of the right hand. His application was denied by the Social Security Administration initially, upon reconsideration, and after a hearing held at Pottsville, Pennsylvania, on March 2, 1965. Upon refusal of the Appeals Council to review, the decision of the Department became final and ripe for this judicial action for review under 42 U.S.C. § 405(g). The case is presently before the Court on cross motions for summary judgment.

■ The question before the Social Security Administration was whether the plaintiff was disabled or unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 416(i). The scope of this Court's review of the decision of the Department is limited to determining whether such decision was "supported by substantial evidence." 42 U.S.C. § 405(g).

■ The Third Circuit Court of Appeals has enunciated a dual test for determining disability. The hearing examiner must determine:

(1) The extent of the physical or mental impairment, and

(2) Whether that impairment results in any inability to engage in any substantial gainful activity.

Bujnovsky v. Celebrezze, 343 F.2d 868, 870 (3 Cir. 1965), Hodgson v. Celebrezze, 312 F.2d 260, 263 (3 Cir. 1963).

■ The Court has decided that there was substantial evidence on the record to support the hearing examiner's decision with regard to the extent of plaintiff's physical impairment. The examiner held that plaintiff "has a respiratory impairment that would make strenuous physical work beyond his capacity but not work of a lighter nature." (Transcript, p. 12). In affirming the above holding, the Court realizes that there was evidence in the record that plaintiff was suffering from "blackouts", and also was partially disabled because of an injury to one finger and the amputation of another.

■■ Nevertheless, this case must be remanded to the Secretary to determine properly whether the plaintiff is able to engage "in any substantial gainful activity." Bujnovsky v. Celebrezze, supra, Hodgson v. Celebrezze, supra. Once the claimant has proven the existence of a permanent, although not totally disabling handicap, he "has adduced sufficient evidence to put the burden upon the Secretary to show that a reasonable employment opportunity is available to him." Bujnovsky, supra, 343 F.2d at 871. See also Baker v. Gardner, Third Circuit Court of Appeals, 362 F.2d 864, filed July 5, 1966; Stancavage v. Celebrezze, 323 F.2d 373 (3 Cir. 1963) and Bugdnewicz v. Celebrezze, 249 F.Supp. 139, 141–142 (E.D.Pa.1966).

It has been repeatedly stated in this Circuit that the Secretary, in order to meet this burden, must show a reasonable possibility, as opposed to a theoretical existence of employment. See Hodgson v. Celebrezze, 357 F.2d 750, 755 (3 Cir. 1966), Janek v. Celebrezze, 336 F.2d 828, 833 (3 Cir. 1964) and Klimaszewski v.

Flemming, 176 F.Supp. 927, 932 (E.D.Pa. 1959).

■ The record in this case establishes that the Secretary failed to meet this test. The examiner asked Doctor Jacob Tuckman, the vocational specialist, what he thought were the possibilities of a man with plaintiff's education, physical and mental capacity, and employment record, of obtaining new employment in the Schuylkill County area. Doctor Tuckman replied, "I would say as I mentioned earlier that I think finding a job in an area of high unemployment is difficult all around. I think, for a person who is 49 years of age, I think this is complicated." (Transcript, p. 45.) Earlier this specialist had admitted that there were really two questions involved: plaintiff's ability to perform a particular job and his ability to obtain such employment. Doctor Tuckman had to conclude that because of prejudices, preferences and unemployment, it would not be "easy in this particular area" for plaintiff to obtain employment outside of the mines. (Transcript, p. 44.) Doctor Tuckman then listed a number of jobs which he thought Mankiewicz could perform, e. g. night watchman, elevator operator, gateman. He also stated that he thought plaintiff could operate a bread-wrapping machine, but was later rather vague as to whether there were large bakeries in the area which needed such workmen. Although Doctor Tuckman finally concluded that there were jobs for plaintiff in his county, a reading of the transcript indicates that the vocational specialist relied far too heavily on the existence of jobs in Pennsylvania generally, as indicated in the Pennsylvania Industrial Directory. He did not demonstrate a reasonable possibility of employment for this plaintiff in Schuylkill County, taking into consideration the high unemployment rate in that area. The first statement by Doctor Tuckman above cited illustrates his uncertainty on this score. Since this was the sole testimony on which the hearing examiner based his decision as to employment possibilities, there was not substantial evidence for his decision, and the case must be remanded for further proceedings.

The record at the Board in this case was similar to that in Baker v. Gardner, supra. In that case the hearing examiner had stated that the type of light jobs for which plaintiff was qualified existed in the economy in general and in particular in plaintiff's area of residence. The examiner had based these findings on references to statistical volumes. The Third Circuit Court of Appeals held that this did not constitute substantial evidence to overcome the plaintiff's case. *Baker*, supra, 362 F.2d 864. The testimony by Doctor Tuckman was equally insufficient.

Therefore, both plaintiff's and defendant's motions for summary judgment will be denied. The case will be remanded to the examiner for a new hearing, not inconsistent with this Opinion, as to whether plaintiff is able to engage in substantial gainful activity.