**Kenneth L. MARSHALL, Plaintiff,**

v.

**Wilbur COHEN, Secretary, Department of Health, Education and Welfare, Defendant.**

**Civ. A. No. 68–422.**

United States District Court
W. D. Pennsylvania.

Feb. 14, 1969.

Swope & Swope, Ebensburg, Pa., for plaintiff.

Gustave Diamond, U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, Chief Judge.

The application of Marshall to be granted disability benefits under the Social Security Act was denied by the Secretary of Health, Education and Wel-

fare. It was adjudicated that claimant's proof did not establish disability within the provisions of the Act. This is an appeal from said decision. In addition, the Social Security Secretary has filed a Motion for Summary Judgment.

This Opinion is lengthy and considerable discussion is made of the facts. If the Court had authority to consider the matter de novo this would not have been required. The Opinion could have been short, clear, concise and succinct since it would not have required too much effort if the Court could have entered its own Findings of Fact and Conclusions of Law de novo. However, the Court is limited in the evaluation of the complete record to decide whether there is substantial evidence to support the findings that claimant does not have ailments and physical conditions sufficient to prevent him from continually engaging in any substantial gainful activity or employment since March 2, 1966.

The Court has reviewed with most meticulous and exhaustive care the 415 page record, considered the briefs of counsel, the statutory and case authorities and the work record of claimant prior to February, 1961, and the gradual decline in his physical condition.

## ISSUE

Is the decision of the Secretary supported by substantial evidence so as to preclude the plaintiff from establishing a period of disability under Section 216(i) of the Social Security Act and from precluding the plaintiff from receiving disability insurance benefits under Section 223 of said Act?

The answer is: "It is not." Applicant need not be bedridden or completely helpless in order to be disabled. Social Security Act, § 223(c) (2) (A) as amended 42 U.S.C.A. § 423(c) (2) (A).

The conclusion is required that claimant is a "nondescript" or a job would have to be made for him.

It is not disputed that claimant is unable to work at his usual occupation, that of a coal miner, and I do not believe substantial evidence exists in the record to justify the conclusion that claimant is able to do any other substantial gainful work for any regular or definite period of time taking into consideration his age, education, training, previous employment and work experience. No human being with the excellent work record which claimant had prior to 1961 becomes a malingerer, shies from work and loses all self-respect and ambition to provide for his wife and children without substantial reasons. In short, claimant was under a disability of such proportion and severity since March 21, 1966 as to have precluded him from engaging in substantial gainful activity for a continuous period of 12 months or more since said date.

Although claimant has the ability to think, understand and communicate, his realm of possible gainful employment is surrounded with severe limitations. In fact, the only type of employment he could do would be that of a light and/or sedentary nature. He would not have any chance of passing a pre-employment medical examination especially with potential aggravation of pre-existing conditions which could give rise to substantial compensation claims and various other claims that could be made against an employer for conduct of omission or commission in the performance of his duties.

The mental and physical condition of claimant is such that any type of employment which he might pursue with his background, education and working experience would require the privilege and right to work at such times and under conditions that would be satisfactory to him alone. , We know that employment or jobs of this nature in our fast moving, competitive labor field do not exist.

Claimant will soon be 54 years of age, weighs 211 pounds and has not followed gainful employment for eight years. It conclusively appears that claimant has many ailments and complaints:

1. A duodenal ulcer which requires medication to variable degrees.

2. Arthritic pains that reach such severity that medication is needed—bursitis in shoulders.

3. Muscle spasms in the right arm, left leg and hips, partially relieved by medication.

4. Phenobarbital and other medication for the purpose of loosening and expectoration of mucous.

5. Pain is experienced in the left arm because of a tumor in the left clavicle when the arm is extended to reach or grab.

6. Shortness of breath arises when walking up or down stairs or when walking at a more than normal manner.

7. Difficulty is experienced in sleeping because of inability and/or extreme difficulty in lying and turning on his sides.

8. Silicosis and emphysema with evidence of pulmonary disease.

9. A mild anxiety reaction.

10. Sitting in the same position causes severe back pain which is alleviated upon standing.

11. Light headed spells, swelling above both eyes or a puffiness.

12. Difficulty is experienced with speech—tongue seems to get thick, dryness in throat.

13. Ultrasonic therapy on right arm and shoulder, knee injections, physical therapy.

14. Claimant's condition seemed to be confirmed as to the difficulty in his back since he asked several times during the hearing for permission to stand and then sit from time to time.

15. Tried to work on a truck but had too much pain in the knees, and legs would swell.

16. Difficulty arises in sleeping because when lying on the right side, the right arm and shoulder pains and when lying on the left side, pressure is placed on the clavicle.

17. Wife required to help claimant put on socks and shoes.

18. Required to take a bath in hot water for an hour or so each morning after arising.

19. Daily activities—watches television three or four hours, cannot walk too much, reads, works cross word puzzles.

20. Due to medication must take rest and sleep in the morning and a nap in the afternoon.

21. All of claimant's subjective complaints are real to him and chances of psychiatric help are nil.

■ Under the Social Security Act the term "disability" means "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which * * * can be expected to last for a continuous period of not less than 12 months * * *" The provisions of this statute are remedial and must be construed liberally. Seldomridge v. Celebrezze, D.C.Pa., 238 F.Supp. 610 (1964). "* * * the rule of this circuit is the rule of realism * * *" Fedor v. Celebrezze, D.C.Pa., 218 F. Supp. 667 (1963).

■ The scope of review by the Federal Courts of administrative finding relative to Social Security cases is to ascertain whether or not "on the record as a whole there is substantial evidence to support the Secretary's findings of fact." Goldman v. Folsom, 246 F.2d 776, 778 (3rd Cir. 1957). The test for disability consists in (1) a determination of the extent of the applicant's physical or mental impairment, and (2) a determination whether that impairment results in an inability to engage in any substantial gainful activity. See Bujnovsky v. Celebrezze, 343 F.2d 868, 870 (3rd Cir. 1965). Four elements of proof are included in the test: (1) Medical data and findings; (2) Expert medical opinion; (3) Subjective complaints, and (4) Plaintiff's age, education, background and work history. Stefero v. Gardner, 285 F.Supp. 898 (E.D.Pa. 1968). The burden of proof being initially upon the plaintiff is met once it is

shown that the plaintiff can no longer perform the work in which he has been experienced or trained. It is then incumbent upon the Secretary to show that reasonable employment opportunity is available. Bujnovsky v. Celebrezze, 343 F.2d 868 (3rd Cir.) The employment opportunities must be realistic and be reasonably possible and not merely what is conceivable. Klimaszewski v. Flemming, D.C.Pa., 176 F.Supp. 927, 929; Tigner v. Gardner, 356 F.2d 647 (5th Cir.).

The testimony that jobs were available which claimant could perform through regular employment was very unrealistic. I do not believe the claimant is physically or mentally capable of being gainfully employed within the meaning of the law. An applicant need not be bedridden or completely helpless in order to fall within the definition of disability.

A job would have to be made available for the claimant where he would be able to perform very limited activities under such circumstances as he might be able to apply himself. Let us therefore be realistic. Employers do not hire persons with the complaints and disabilities which exist in this case. In other words, a job would have to be made for him, and, in this highly competitive labor field, that is just not done.

It is not consistent with reality for a strong, able-bodied man to cease work at the age of 46, rear and provide for a wife, two daughters and a son if substantial and genuine reasons did not exist for so doing. Especially since during the 31 years of said working life, claimant was a hard, regular, steady worker in those fields of employment which required the application of physical effort and the strength of the body.

The record and exhibits considered as a whole reflect a most substantial basis to require the conclusion that claimant, since February 7, 1961, has been unable to engage in any regular or continuous substantial gainful employment to provide for himself and his family the necessities of life. However, claimant's rights prior to March 21, 1966 have been fully and finally adjudicated due to his failure to secure judicial review of the previous disallowances by the Hearing Examiner and by the Appeals Council of the Social Security Administration which found no such disability and denied disability insurance.

The most recent medical examinations —August 23, 1966 by Rayford E. Wright, M.D., and October 29, 1966 by W. L. Whitten, M.D., conclusively establish that claimant's complaints are very real and there was no intent by the patient to exaggerate his condition.

If ever there was a case where disability is proven by the record as to the lack of ability of a human being to pursue and follow gainful employment of a substantial nature with regularity and definiteness, I must say this is as substantial a claim as any I have read during my 24 years as a member of the Federal Judiciary.

In each instance where the Court has discussed the facts, this will constitute the Findings of Fact. Where the Court has made reference to statutory or case law, such expressions will constitute Conclusions of Law.

After all these years it is hoped that the Social Security authorities will proceed with dispatch to give this unfortunate soul the benefits to which he is unquestionably entitled.

An appropriate order is entered.

### ORDER

AND NOW, this 14th day of February, 1969, the defendant's Motion for Summary Judgment is denied. The decision of the Appeals Council should be reversed and the case remanded to the Secretary, Department of Health, Education and Welfare, with directions that the plaintiff be granted a period of disability insurance benefits in accordance with the Social Security Act, as amended.