Lawrence BOBACK, Plaintiff,

v.

Robert H. FINCH, Secretary, Department of Health, Education and Welfare, Defendant.

Civ. A. No. 68–1446.

United States District Court
W. D. Pennsylvania.

Oct. 13, 1969.

Thomas Swope, Jr., of Swope & Swope, Ebensburg, Pa., for plaintiff.

John H. Bingler, Jr., Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION AND ORDER

MARSH, Chief Judge.

On March 31, 1967, plaintiff filed with the Social Security Administration an application for a period of disability and for disability insurance benefits under Secs. 216(i) and 223 of the Social Security Act, as amended, 42 U.S.C. Secs. 416(i) and 423, alleging that he first became unable to engage in any substantial gainful activity at the end of January, 1967. His claims were denied by the Division of Evaluation and Authorization and by the Division of Reconsideration, Bureau of Disability Insurance, and at plaintiff's request a hearing was had before a hearing examiner of the Bureau of Hearings and Appeals, Social Security Administration, who also denied plaintiff's claims. On December 4, 1968, the Appeals Council advised plaintiff that, upon review, the hearing examiner's decision was affirmed; whereupon pursuant to Sec. 205(g) of the Act, as amended, 42 U.S.C. Sec. 405 (g), plaintiff commenced this action to obtain a judicial review of the decision of the Secretary denying his claim.[1] With his answer to plaintiff's complaint, defendant filed a certified copy of the transcript of the record of proceedings before the Social Security Administration in compliance with Sec. 205(g)

of the Act, supra, and subsequently moved for summary judgment.

Section 205(g), supra, provides in its pertinent part as follows:

"The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

Under Sec. 205(g) and under the Administrative Procedure Act, 5 U.S.C. Secs. 1001 et seq., we are limited to "ascertaining whether on the record as a whole there is substantial evidence to support the Secretary's findings of fact." Goldman v. Folsom, 246 F.2d 776, 778 (3d Cir. 1957); Ferenz v. Folsom, 237 F.2d 46 (3d Cir. 1956). And while "in discharging that duty we must keep in mind * * * that 'courts must now assume more responsibility for the reasonableness and fairness' of decisions of federal agencies * * *", Goldman v. Folsom, supra, 246 F.2d p. 778, citing Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951), we "may not substitute * * * [our] inferences for those of the referee which are supported by substantial evidence." Ferenz v. Folsom, supra, 237 F.2d p. 49, citing, inter alia, Livingstone v. Folsom, 234 F.2d 75 (3d Cir. 1956). "Our judicial duty therefore is to satisfy ourselves that the agency determination has warrant in the record, viewing that record as a whole, and a reasonable basis in law. [Citations omitted.]" Boyd v. Folsom, 257 F.2d 778, 781 (3d Cir. 1958). See also, Braun v. Ribicoff, 292 F.2d 354, 357 (3d Cir. 1961).

1. Since the Appeals Council of the Social Security Administration affirmed the decision of the hearing examiner, his findings of fact became the findings of fact of the Secretary under Sec. 205 of the Act. See: Hodgson v. Celebrezze, 312 F.2d 260, 261 (3d Cir. 1963), citing Goldman v. Folsom, 246 F.2d 776, 778 (3d Cir. 1957).

Subsection 205(g) of the Act provides: "Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Secretary or any vacancy in such office." 42 U.S.C. Sec. 405(g).

Section 216(i) (1) (A) of the Act, as amended, 42 U.S.C. Sec. 416(i) (1) (A), provides that the term "disability" means:

"* * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months * * *."

The definition of "disability" under Sec. 223(d) of the Act, 42 U.S.C. Sec. 423 (d) (1) (A), as amended, is the same.

" '[T]he test for disability consists of two parts: (1) a determination of the extent of the applicant's physical or mental impairment, and (2) a determination whether that impairment results in an inability to engage in any substantial gainful activity.' " Bujnovsky v. Celebrezze, 343 F.2d 868, 870 (3d Cir. 1965); Janek v. Celebrezze, 336 F.2d 828, 833 (3d Cir. 1964); Hodgson v. Celebrezze, 312 F.2d 260, 263 (3d Cir. 1963); Klimaszewski v. Flemming, 176 F.Supp. 927, 931 (E.D.Pa.1959).

We have reviewed the record upon which the hearing examiner based his decision and conclude that on the record as a whole, the Secretary's decision that the plaintiff is not by reason of his impairments precluded from engaging in any substantial gainful activity is not supported by substantial evidence.

The hearing examiner concluded that plaintiff "has *first* stage anthracosilicosis with *mild* interstitial pulmonary fibrosis and a *mild* impairment of pulmonary function which results in good ventilatory function; mild-moderate essential vascular hypertension which is treatable and is labile so that it usually does not become a significant impairment; and *mild* osteoarthritis of his knees without limitation of motion or tenderness." (R., p. 24.)

The record reveals that these findings are supported by substantial evidence. All of the medical experts except Dr. McQuillan[2] concluded that plaintiff has a lung impairment. Dr. Goldman, a treating physician, characterized this condition as emphysema, silicosis and pulmonary fibrosis. Dr. Bradley concluded that plaintiff has first (and possibly second) stage anthracosilicosis and mild interstitial pulmonary fibrosis.[3] Pulmonary fibrosis was also diagnosed by Dr. Green. The pulmonary function studies conducted by Dr. Bradley revealed no significant obstruction to plaintiff's ventilatory capacity.

All of the physicians except Dr. Green[4] concluded that plaintiff has osteoarthritis (degenerative joint disease).

Plaintiff contends that the hearing examiner erred in disregarding his subjective complaints which were voiced at the hearing. It appears, however, that the examiner did not totally disregard plaintiff's testimony. The finding that plaintiff has osteoarthritis has no basis in the record other than plaintiff's subjective complaints made at the hearing and in consultations with the medical experts. Furthermore, although plaintiff's complaints indicate more that a "*mild* impairment of pulmonary function", the hearing examiner is not required to credit this evidence as against substantial evidence to the contrary, to-wit, the pulmonary function study results.

2. Dr. McQuillan reported there is no evidence of pneumoconiosis.

3. Dr. Bradley also diagnosed possible hypertensive heart disease, but this finding was rejected by the hearing examiner because none of the other experts concurred in it.

4. Dr. Green opined that plaintiff has tendonitis and periarthritis in the left shoulder. No other physician made this finding, and it was rejected by the hearing examiner.

"Indeed if a claimant could as a matter of law, overcome the effect of what would otherwise be substantial evidence * * * by his own testimony as to his condition, the Secretary would rarely if ever be justified in denying benefits." Reyes Robles v. Finch, 409 F.2d 84, 87 (1st Cir. 1969).

It is our opinion, therefore, that the Secretary's findings relating to the nature and extent of plaintiff's physical impairments are supported by substantial evidence. However, the record does not contain substantial evidence in support of his finding that plaintiff is not, as a result of his impairments, precluded from engaging in any substantial gainful activity.

The hearing examiner found that plaintiff "is precluded from arduous exertion but he can perform sustained sedentary and light activities * * * provided that they are not in an environment of high concentration of air pollutants and do not require vigorous or constant use of his knees." (R., p. 25.) A review of the record reveals that all of plaintiff's work history involved either arduous exertion, high concentrations of air pollutants, vigorous or constant use of the knees, or combinations of these working conditions.

Plaintiff, who was born in Nanty Glo, Pennsylvania, on September 25, 1916, began working in the coal mines at age 17, and, except for brief military service during World War II, continued in this work until he was laid off in January, 1967. His functions during his 33 or 34 years of work were as a hand loader; as a main line motorman; as a cleanup man shoveling loose coal along main haulage tracks; in various jobs in a coal cleaning plant; loading supplies such as props, ties, timber, and iron materials; as a car coupler; and, finally, as a spray painter. It was assumed at the hearing that plaintiff cannot perform any of these jobs because of his impairments, and the findings of the hearing examiner indicate that he reached this conclusion.

Plaintiff having met his burden of proof of disability to engage in his prior occupations, the burden of proof shifted to the Secretary to prove that other jobs, which are within plaintiff's competence, are available to him. Baker v. Gardner, 362 F.2d 864, 868 (3d Cir. 1966); Bujnovsky v. Celebrezze, *supra,* 343 F.2d at p. 871. In order to meet his burden of proof, the Secretary must prove that there exists a reasonable employment opportunity for plaintiff. In discussing the Secretary's burden of proof, the Court of Appeals for the Third Circuit has said:

"Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available." Janek v. Celebrezze, *supra,* 336 F.2d at p. 833.

Although it is not necessary that the Secretary prove that a specific job vacancy exists for plaintiff or that he would be hired if he applied for work, Sec. 223(d) (2) (A) of the Act, 42 U.S.C. Sec. 423(d) (2) (A), whether a reasonable opportunity exists is to be determined in the light of plaintiff's impairments, age, education, training, work experience, and the labor market. Bujnovsky v. Celebrezze, *supra.* See: Tinsley v. Finch, 300 F.Supp. 247, 254–256 (D.S.C.1969); Huffman v. Gardner, 292 F.Supp. 331, 333 (D.Ore.1968). *Cf.* Wright v. Gardner, 403 F.2d 646, 647 (7th Cir. 1968).

Plaintiff was 52 years old at the time of the hearing. His formal education terminated upon his completion of fifth grade at age 16. He testified that he was advanced in school as far as the fifth grade only because of his age and also that he has restricted ability to read and write. He has never acquired any manual skills, and his experience is limited to unskilled labor.

Dr. Stouffer, a vocational expert, testified that plaintiff has the capacity to perform various jobs which exist in his area. However, there is no evidence that plaintiff has a reasonable opportunity to secure such employment. On the contrary, Dr. Stouffer testified that an employer who would interview plaintiff would hesitate in hiring him (R., p. 119).[5] He also testified that although the jobs he listed required no more than a fifth grade education, the fact that plaintiff did not complete that grade of schooling until he was 16 would be "significant in the placement" of him (R., p. 120). He testified further, assuming that plaintiff's subjective complaints are accurate, that he cannot perform any jobs.

There was presented at the hearing additional substantial evidence of disability within the meaning of the Social Security Act. Plaintiff's personal physician, Dr. Goldman, stated that in his opinion plaintiff is totally and permanently disabled. He has been awarded a non-service connected disability pension based upon a finding of total disability by the Veterans Administration, and the New York Life Insurance Company has approved plaintiff's claim for waiver of life insurance premiums based on a total disability provision in his policy. Although these facts are not controlling, they do constitute substantial evidence that plaintiff is unable because of his impairments to engage in any substantial gainful activity.

█ Because plaintiff has met his burden of proof of disability within the meaning of the Social Security Act and because the finding of the Secretary that plaintiff is not under a disability is not supported by substantial evidence, his decision must be reversed.

An appropriate order will be entered.

5. This conclusion was based partially on the witness' observation of plaintiff at the hearing. Although the hearing examiner concluded that plaintiff's demeanor was contrived, this expert testimony is nonetheless probative of plaintiff's employability.