Orlando C. ESPOSITO

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE.

Civ. A. No. 68-1394.

United States District Court
E. D. Pennsylvania.

July 31, 1969.

Gerald P. Ginley, Philadelphia, Pa., for plaintiff.

Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., for defendant.

## OPINION AND ORDER

JOHN W. LORD, Jr., Chief Judge.

This is an action under section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g) to review a final decision of the Secretary of Health, Education and Welfare. The final decision in this case is that of the Appeals Council dated May 3, 1968, denying the plaintiff's request for the review of a decision rendered by the hearing examiner on March 13, 1968, in which the examiner denied the plaintiff benefits under 216(i) and 223 of the Social Security Act, as amended.

The question before this Court is whether there is substantial evidence to support the Secretary's decision that plaintiff is not disabled as defined by the Act. 42 U.S.C.A. § 405(g).

The test for disability consists principally of two parts: (1) a determination of the extent of the physical or mental impairment and (2) a determination whether that impairment results in an inability to engage in substantial gainful activity. Stancavage v. Celebrezze, 323 F.2d 373 (3rd Cir. 1963); Mankiewicz v. Secretary, Health, Educa-

tion and Welfare, Civil Action No. 38336 (E.D.Pa., filed May 27, 1969). It is the determination by the Secretary under the latter half of the test that is at issue at present.

■ There are four elements of proof to be considered in making a finding as to plaintiff's ability or inability to engage in any substantial gainful activity. They are (1) medical data and findings, (2) expert medical opinions, (3) subjective complaints, and (4) plaintiff's age, educational background, and work history. Mankiewicz v. Secretary, Health, Education and Welfare, *supra.*

■ Plaintiff was born in Italy and can read English to a small extent; he cannot write. He had been employed chiefly as a baker in an Italian bakery.

Briefly, in the opinion of the Social Security Administration Advisor, Dr. David Gelfand, plaintiff is suffering from bronchial asthma with a minimal degree of pulmonary fibrosis and other obstructive pulmonary disease. Arteriosclerotic heart disease, class IIB with an old well-healed infarct was also indicated. Diabetes, although present, seemed to be under control. It was admitted by the physician that plaintiff does have a significant cardiovascular disease, although the patient's chief impairment appeared to be asthma.

In the expert opinion of the doctor, plaintiff could be gainfully employed in a job in a *nondusty atmosphere* with *physical activities restricted.*

To this end, plaintiff has seriously attempted rehabilitation by attendance and graduation from Electronics school. However, while it is conceded by plaintiff that work in the field for which he is now skilled is presently available in the national economy, the fact is inescapable that plaintiff cannot gain such employment for no employer will hire him. Indeed, it is undisputed that plaintiff has made countless good-faith attempts to secure such employment.

Thus, theoretically, work is available to plaintiff "regardless of whether such work exists in the immediate area in which he lives * * *." 42 U.S.C.A. § 423(d) (2).

Plaintiff, however, for all outward appearances is a strong, husky individual. Yet when he applies for the light or sedentary work for which he is only suited, the immediate question is raised as to why such "easy work" is being requested by him. Plaintiff is then required to admit his health problems. As plaintiff stated before the hearing examiner, "Soon as you mention you have a heart trouble * * * they don't want to be bothered with you. This has been going on for two years."

In the case of Bujnovsky v. Celebrezze, 343 F.2d 868 (3rd Cir. 1965), the court interpreted the latter part of the test for determining disability, i. e. inability to engage in "substantial gainful activity", to mean "what is reasonably possible and not what is conceivable. * * * Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available * * *." Id. at 870.

It is argued by the government that the 1965 amendments to the act overrule the decision of the Third Circuit in the *Bujnovsky* case and other cases similar to it. Such is not the case. As recently as May 27, 1969, the Honorable E. Mac Troutman of this Court relied on the *Bujnovsky* case to rule that a claimant could not *reasonably engage* in substantial gainful activity.[1] This Court sees no distinction between the present case and the issue at bar before the learned Judge Troutman.

As such, we conclude that viewing the entire record as a whole, we do not think that it contains substantial evidence to support the examiner's conclusion.

Therefore, the plaintiff's motion for summary judgment will be granted and the Secretary's motion for summary judgment will be denied.

---

1. See Mankiewicz v. Secretary, *supra.*