**Hulon COOPER, Plaintiff-Appellant,**

**v.**

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 30043**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 6, 1970.

* [1] Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F. 2d 409, Part I.

Charles Tyler Clark, Birmingham, Ala., for plaintiff-appellant; Johnston & Shores, Birmingham, Ala., of counsel.

Wayman G. Sherrer, U. S. Atty., J. Richmond Pearson, Asst. U. S. Atty., Birmingham, Ala., for defendant-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

We adopt and affirm the opinion of the District Court, a copy of which is appended hereto.

Affirmed.

## APPENDIX

In the United States District Court for the Northern District of Alabama, Jasper Division

Hulon Cooper,
                                Plaintiff,
     v.        Civil Action
               No. 69–516
Robert H. Finch, Secretary of Health, Education and Welfare,
                                Defendant.

## MEMORANDUM OPINION

Hulon Cooper, the plaintiff, brings this action pursuant to the provisions of Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to have this court review a final adverse decision of the Secretary of Health, Education and Welfare.

The plaintiff filed an application for a period of disability and for disability insurance benefits on January 31, 1968, alleging that he became unable to work in December, 1967. Mr. Cooper alleged inability to work due to an ulcerated stomach, a lung condition and dizziness.

A hearing examiner considered the case *de novo*, and on May 26, 1969, found that the plaintiff was not under a disability. The Appeals Council denied the plaintiff's request for review on July 24, 1969, thereby causing the decision of the hearing examiner to become the final decision of the Secretary.

Mr. Cooper, born in June, 1915, is illiterate; and most of his work experience has been as a coal miner. He has no skills and will in all probability never be successful in obtaining employment of any kind or in holding a job should he be successful in obtaining one. Yet, under the Act, as amended, the stringent requirements of proof of disability are such that the record as a whole in this case supports the decision of the Secretary by substantial evidence.

Plaintiff has cited Esposito v. Secretary of H. E. W., 306 F.Supp. 1212 (D.C. 1969) and Laxton v. Finch, CCH UIR Vol. 1A, Fed. para. 15,557 (D.C.S.C., Aug. 6, 1969) as authority for his contention that a claimant may be entitled to disability benefits due to the fact that employment opportunities were not actually open to the claimant because of the reluctance of the employer to hire certain individuals. Defendant, relying strongly on Gentile v. Finch, 423 F.2d 244 (3rd Cir., 1970), to negate *Esposito* and *Laxton, supra,* contends that substantial evidence supports the decision of the Secretary.

Under the Act, as amended, the requirement that "an individual shall be determined to be under a disability only if he * * * cannot * * * engage in any substantial gainful work which *exists in the national economy, regardless of whether he would be hired if he applied for work"* is so unrealistic and stringent that this court would like to follow Bujnovsky v. Celebrezze, 343 F.2d 868, (3rd Cir. 1965) as did Esposito v. Secretary of H. E. W., *supra,* and hold that the plaintiff here cannot reasonably engage in substantial gainful activity. However, it does not appear to this court that the wording of the statute can be so interpreted or that this was the intent of Congress.

This case does not turn solely on the testimony of the vocational expert. It is obvious that the Secretary has given little or no credibility to the testimony of plaintiff and his wife, and the medical

evidence substantially supports the findings of the Secretary. Therefore, this court must affirm the Secretary's decision.

An appropriate order will be entered. This the 20th day of April, 1970.

> /S CLARENCE W. ALLGOOD
> United States District Judge