Joseph KULHAVICK

v.

David MATHEWS, Secretary of Health, Education and Welfare.

Civ. A. No. 75–3373.

United States District Court, E. D. Pennsylvania.

Nov. 9, 1976.

A. John Miernicki, Shenandoah, Pa., for plaintiff.

David W. Marston, U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Before this Court are cross-motions for summary judgment filed by the plaintiff and defendant, respectively. Plaintiff instituted an action in this Court for benefits under the Federal Coal Mine Health & Safety Act, 30 U.S.C. § 901 *et seq.*, after his claim was heard and denied by an administrative law judge (ALJ) and by the Appeals Council of the Social Security Administration.

A careful review of the administrative record establishes that there was fundamental error requiring that the record be remanded.

■ Firstly, counsel for the plaintiff objected to the rereading of X-rays already interpreted by a qualified radiologist or radiologists and particularly those X-rays already interpreted as positive (R.127, 128). The ALJ overruled the objections without explaining the basis therefor. The Appeals Council affirmed without comment. We are not unfamiliar with the fact that in *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), the Supreme Court held that written reports by physicians who had examined the claimant seeking disability benefits were admissible and could constitute substantial evidence supportive of an adverse finding. 402 U.S. at 402, 91 S.Ct. 1420. The Court also found nothing unconstitutional or improper in permitting a medical adviser or witness who had *not* examined a claimant to appear and *testify* at an administrative hearing. 402 U.S. at 408, 91 S.Ct. 1420. Here, counsel has raised the further question whether a form report, containing no narrative information or explanation, where certain blocks or blank spaces only are checked , may be relied upon and afford the basis for decision as against the testimony and/or reports of examining physicians. In the preparation of a decision counsel is entitled to some explanation for the ALJ's decision. Moreover, the Court is entitled to be informed as to the reasoning and basis for the ruling in determining whether the report of such a non-examining, non-appearing physician constitutes "substantial evidence" supporting the ALJ's decision. Thus, in *Donahue v. Weinberger*, (E.D.Pa.1976), 414 F.Supp. 844 the Court stated:

> "Thus as Chief Judge Coffin stated in *Browne v. Richardson*, 468 F.2d 1003, 1006 (1st Cir. 1972) Dr. Learner's submitted report:
>
>> lacks the assurance of reliability that comes on the one hand from first-hand observation and professional examination, or, on the other from first-hand testimony subject to claimant's cross-examination. It is. hearsay based on hearsay. Thus, although the report may be admissible in light of *Perales*, it cannot be the substantial evidence needed to support a finding. See also *Webb v. Weinberger*, 317 F.Supp. 793 (N.D.Ind.1974); *Collins v. Richardson*, 334 F.Supp. 1333 (D.S.C.1971).
>
> "The acute dangers in relying too heavily on the written submission of a non-examining, non-testifying medical adviser are apparent in a case such as this * *."

■ Secondly, the ALJ has found that plaintiff had less than ten years' employment in the nation's coal mines (R.17). In this connection he states:

> "The claimant was given an opportunity post hearing to provide additional evidence of coal mine employment from 1913 until 1917. The only certification provided was Exhibit 42. It is further noted that all of Exhibits 1, 9 and 11 refer credibly to the claimant's working in the mines from 1917 through 1922. Exhibit 8 states that the claimant on March 2, 1973, changed his allegation of 4 years coal mine experience to 10 or 11 years coal mine experience. The statements by others (Exhibits 7, 9 and 42) does not refer to working with the claimant from 1913 un-

til 1917 other than Exhibit 42. The Administrative Law Judge is confronted with less than optimum evidence to wit:

a. The claimant—1913 through 1922—10 years.

b. Mr. Swirk—1913 through 1916—4 years.

c. Mr. Gladski—1917 through 1922—6 years.

d. Mr. Pelsinski—1917 through 1922—6 years.

The claimant should be bound by the preponderance of the evidence which he has provided. The finding is made that the claimant worked from 1917 through 1922 even though his application states 1917 to 1921. The total years amount to 6 years."

(R.13)

That only three witnesses could be found after more than fifty years who worked with the plaintiff during the period in question and that they did not work with him throughout the entire period does not prove that *he* did not work in the mines during that period. The ALJ should detail the basis for his rejection of the plaintiff's uncontradicted testimony. Such explanation will aid in the review of the record.

Thirdly, the ALJ in evaluating the X-ray evidence said as follows:

" * * * This evidence has been evaluated by the Administrative Law Judge and, in the subject case, reasonable doubt has not been raised by this evidence because the X-rays are older than the X-rays classified as Category 0/−, 0/0, 0/1 under § 410.428.

\* \* \* \* \* \*

" * * * The claimant has not sustained the burden of reasonable doubt and further development of this matter has been determined to be unnecessary."

(R.11)

·  In *Yanushefsky v. Mathews* (E.D.Pa. 1976) —— F.Supp. ——, the Court, faced with the similar application of the "reasonable doubt" test by the ALJ, said as follows:

"In his opinion the Secretary states:

" * * * To be entitled to black lung benefits, the claimant must carry the *burden of proof establishing beyond a reasonable doubt* that he has pneumoconiosis or presumed pneumoconiosis under the applicable sections of Regulation 10 and the Act. (emphasis added).

The Court finds that in evaluating the evidence the Secretary has applied an improper standard as a matter of law. Such a standard would make it nearly impossible for a claimant to establish entitlement to benefits. It would seem the standard is more appropriately described as a fair preponderance of the evidence test, even though, on appeal, findings will not be disturbed if they are supported by something more than a 'scintilla' of the evidence."

The Court remanded the record for reconsideration in accordance with the proper test. We shall do likewise.