**Charles F. MARTIN**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare.**

Civ. A. No. 76–2903.

United States District Court, E. D. Pennsylvania.

June 27, 1977.

Curran, Brown & Baldwin, Pottsville, Pa., for plaintiff.

David W. Marston, U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Before this Court are cross-motions for summary judgment filed by the plaintiff and the defendant respectively. Plaintiff instituted an action in this Court for benefits under the Federal Coal Mine Health and Safety Act, 30 U.S.C. § 921, *et seq.* after his claim was heard and denied by an Administrative Law Judge (ALJ) and by the Appeals Council of the Social Security Administration.

■ A crucial and threshold issue is the number of years during which the plaintiff was employed in the anthracite mines. The issue is crucial because of the effect which the period of employment has upon the presumptions available to the plaintiff and his ability to meet the requirements as to "forced expiratory volume". Thus, the duration of coal mine employment affects the medical issues, affects the fact-finder's evaluation of the evidence and may well determine the ultimate outcome of the case. It is important to both parties and of utmost importance to the plaintiff.

In his decision the ALJ, under "summary of evidence" found "earnings indicating approximately six years of coal mine employment". (R. 8) In his "evaluation of the evidence" he found that plaintiff "has been engaged in at least 10 years of coal mine employment", (R. 8) and in his "Findings of Fact and Conclusions of Law" he found that "The claimant has less than 10 years of coal mine employment" (R. 10). Counsel for defendant labels this substantial conflict as "harmless error" (Brief, pp. 7 and 8). We disagree. The employment issue, and particularly the duration of employment, so substantially affects the applicable legal presumptions, the burdens of proof resting upon the plaintiff and the fact-finder's evaluation of the evidence that reconsideration, perhaps by a new and different fact-finder, is dictated. We are not permitted, under the law, to make our own independent findings of fact. Therefore, a remand of the record is indicated.

■ The ALJ also erred in rejecting Dr. DiNicola's report of April 21, 1976, "no spirometric readings having been submitted pursuant to the mandate of Section 410.-430" (R. 9). In fact, such readings were submitted (R. 110, 111 and defendant's brief, p. 11). Defendant's contention that this too was harmless error is without merit and, accordingly, remand is indicated. Whether such tracings and the related medical report and X-ray studies can be related back to June 30, 1973, is for the fact-finder. The diagnosis of the condition here alleged necessarily follows the contraction of the disease by variable periods of time, depending upon the ability of the victim to cope with the symptoms thereof before seeking medical assistance. As was said by Judge Newcomer in *Grouge v. Mathews*, C.A. 76–1710 (E.D.Pa.1977):

> " * * * While it is true that a claimant is not entitled to benefits from the Social Security Administration unless he shows that he was totally disabled prior to June 30, 1973, evidence of tests done after the cutoff date cannot be totally excluded from consideration. * * * "

■ In reviewing the ALJ's decision, we find that he has completely rejected the medical evidence offered by the plaintiff stating that it has "little probative value in view of three interpretations of certified 'B' readers" of various X-ray films. No reason is given for such rejection other than the form reports of certain "B" readers. We are not unfamiliar with the fact that in *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), the Supreme Court held that written reports by physicians who had examined the claimant seeking disability benefits were admissible and could constitute substantial evidence supportive of an adverse finding. 402 U.S. at 402, 91 S.Ct. 1420. The Court also found nothing unconstitutional or improper in permitting a medical adviser or witness who had *not* examined a claimant to appear and *testify* at an administrative hearing. 402 U.S. at 408, 91 S.Ct. 1420. Here, the further question arises whether a form report, containing no narrative information or explanation, where certain blocks or blank

spaces only are checked , may be relied upon and afford the basis for decision as against the testimony and/or reports of examining physicians. In the preparation of a decision we are entitled to some explanation for the ALJ's decision. The Court is entitled to be informed as to the reasoning and basis for the ruling in determining whether the report of such a non-examining, non-appearing physician constitutes "substantial evidence" supporting the ALJ's decision. Thus, in *Donahue v. Weinberger*, 414 F.Supp. 844 (E.D.Pa.1976) (J. Hannum) the Court stated:

> "Thus as Chief Judge Coffin stated in *Browne v. Richardson*, 468 F.2d 1003, 1006 (1st Cir. 1972) Dr. Learner's submitted report:
>
>> lacks the assurance of reliability that comes on the one hand from first-hand observation and professional examination, or, on the other from first-hand testimony subject to claimant's cross-examination. It is hearsay based on hearsay. Thus, although the report may be admissible in light of *Perales*, it cannot be the substantial evidence needed to support a finding. See also *Webb v. Weinberger*, 371 F.Supp. 793 (N.D.Ind.1974); *Collins v. Richardson*, 334 F.Supp. 1333 (D.S.C.1971).
>
> "The acute dangers in relying too heavily on the written submission of a non-examining, non-testifying medical adviser are apparent in a case such as this * * *".

In another respect the ALJ has failed to state any basis for his conclusion. He states: "Further, the claimant did not appear to be convincing when he testified as to the level and severity of his breathing difficulties" (R. 9). And again, " * * * the claimant has been unable to persuade the Administrative Law Judge as to the severity of his breathing difficulties" (R. 10). In reviewing the record we are entitled to an expression by the ALJ as to the basis or reason for his finding and conclusion.

As was said by Judge Newcomer in *Grouge v. Mathews, supra* :

"A second difficulty with the Administrative Law Judge's decision is his lack of explanation for rejecting the plaintiff's testimony. After summarizing the plaintiff's testimony, the Administrative Law Judge simply concludes that upon consideration of all the evidence, the plaintiff failed to establish a respiratory impairment of sufficient severity. There is no further explanation as to whether the plaintiff's testimony was believed or disbelieved, or if it was believed, why it was insufficient to support the plaintiff's claim. Although the Government offers some possible explanations in its brief in support of its motion for summary judgment, the Court is entitled to more specific findings and reasons from the factfinder. See *Litwaitis v. Mathews*, C.A. No. 75–2926 [427 F.Supp. 458] (E.D.Pa. Nov. 9, 1976) (Troutman, J.). Social Security Administration regulations provide that no claim for benefits is to be denied solely on the basis of negative X–ray interpretations. 20 C.F.R. § 410.414(c). Without a more adequate explanation by the Administrative Law Judge of his rejection of the plaintiff's testimony, it is difficult to avoid the conclusion that this plaintiff's claim was rejected primarily on the basis of negative X–rays."

In *Sweigert v. Mathews*, C.A. No. 76–2140 (E.D.Pa.1977), this Court stated:

"We have repeatedly granted the defendant's motion for summary judgment in similar 'black lung' cases where, as here, no precise reasons were expressed by the ALJ for his acceptance or rejection of the evidence. There, however, we were able to discern from the record the basis for his conclusions. Here we are unable to do so.

"In reconsidering, we think the ALJ should express the basis for his complete *rejection* of the testimony and findings of those physicians who had the benefit of personal observations of the plaintiff, clinical examinations, X–ray examinations and pulmonary studies. We think, conversely, that he should express the basis for his *acceptance* of the findings of

readers to whom X–ray films were submitted and who, without narrative explanation of any kind, submitted form reports. It is common sense, perhaps hornbook, that the professional expert who has seen and examined a patient is normally considered more substantial and entitled to greater weight and consideration than the opinion of one, equally qualified, who has neither seen nor examined the patient. In reviewing the record, we are at least entitled to the basis for the acceptance or rejection of given testimony. It is not our function to weigh the testimony. Neither can we conclude that the findings of the ALJ, as affirmed, are supported by substantial evidence absent some explanation or justification for the rejection of testimony normally considered more credible and acceptable.

"In reviewing the record and in determining whether the findings of the ALJ, as affirmed, are supported by substantial evidence, *National Labor Relations Board v. Columbian E. and Stamping*, 306 U.S. 292, 300 [59 S.Ct. 501, 83 L.Ed. 660] (1939), we are entitled to full and complete findings and some indication of the basis for same, so that we may determine whether, on the record as a whole, there is more than a scintilla, but less than a preponderance of evidence in support of the Secretary's findings and conclusions. *Thomas v. Celebrezze*, 331 F.2d 541 (4th Cir. 1964). It is not within our province to resolve conflicts of evidence or decide questions of credibility. *Richardson v. Perales*, 402 U.S. 389, 399 [91 S.Ct. 14, 20, 28 L.Ed.2d 842] (1971)."

Likewise see *Wenanski v. Mathews*, C.A. No. 75–3178 (E.D.Pa.1977) (J. Higginbotham).

Finally, it should be noted that plaintiff sought to have this matter heard in Pottsville, Pa., where his medical and other witnesses could personally appear and testify. (R. 33, 34) Denied that opportunity, plaintiff submitted secondary evidence in the form of statements and reports. In *Grouge v. Mathews, supra*, Judge Newcomer recognized the identical situation in remanding the record.

Cross-motions for summary judgment will be denied and the record remanded.